Dr. Richard Abernathy, Chair Board of Trustees Arkansas Teacher Retirement System
1400 West Third Street Little Rock, Arkansas 72201
Dear Dr. Abernathy:
I am writing in response to your request for an opinion on the following questions concerning a particular policy of the Arkansas Teacher Retirement System ("ATRS"):
 1. Whether the ATRS policy of not reimbursing employers for contributions made by ATRS employers for an employee working less than thirty (30) days in the fiscal year is a lawful policy under the Arkansas Code?
 2. Whether the ATRS Board may adopt a policy to reimburse employers' contributions for employees who work less than thirty (30) days in a fiscal year and remain in compliance with the Arkansas Code?
As background for these questions, you have explained that prior to a change in the law in 2007 regarding membership in ATRS, the ATRS Board of Trustees ("Board") adopted a rule that provided for reimbursement of employer matching contributions on employees who worked fewer than 30 days in a fiscal year.[1] The *Page 2 
rule apparently was adopted consistent with a practice that had developed of refunding the employer contributions under a previous law specifying that employees who accumulate fewer than 30 days of credited service in a fiscal year "shall not be eligible for membership in the system." See
A.C.A. § 24-7-501(d)(2) (Repl. 2000) (codification of Acts 1993, No. 1206, § 6).[2]
As you point out, A.C.A. § 24-7-501(d) was amended in 2007 to state:
 (1) Membership in the system shall be a condition of employment in accordance with subsections (a) and (b) of this section.
 (2) Provided, however, individual members who are employed for less than thirty (30) days within a fiscal year shall not be eligible for any credit or benefit in the system, and any employee contributions made by the member during that period shall be refunded by the system.
A.C.A. § 24-7-501(d) (Supp. 2009) (codification, in part, of Acts 2007, No. 97, § 6).
As you further note, therefore, with the 2007 amendment the status of those with fewer than 30 days in a fiscal year changed such that these employees become members of ATRS, but they receive no credit or benefit for the service in that year. You report that the ATRS Board subsequently struck the rule requiring the reimbursement of employers for contributions made on such employees. The striking of that rule is the source of your questions set out above. You state that *Page 3 
some employers have voiced concern that they should be reimbursed at the close of the fiscal year for any employee who worked fewer than 30 days.
RESPONSE
In my opinion, the answers to your two questions are "yes" and "no," respectively. The ATRS policy is lawful and indeed required, in my opinion, under the Arkansas Code. Accordingly, the Board in my opinion lacks the authority to adopt a policy providing for reimbursement of such contributions.
Question 1 — Whether the ATRS policy of not reimbursingemployers for contributions made by ATRS employers for an employeeworking less than thirty (30) days in the fiscal year is a lawfulpolicy under the Arkansas Code?
Membership in the ATRS is a condition of employment for all employees, A.C.A. § 24-7-501(d)(1) (Supp. 2009), and employer contributions are required on all salary earned during the fiscal year in which membership begins, A.C.A. § 24-7-406(b)(6) (Supp. 2009). The latter Code section further provides in relevant part:
 Each employer shall deduct the member contributions provided for in this section from the salary of each member on every payroll, for every payroll period, from the date of his or her entrance into the system until he or she retires, and the employer shall remit the contributions to the system.
A.C.A. § 24-7-406(c)(1)(A) (Supp. 2009).
 Each employer shall pay the member contributions under this section from the salary earned by a member after June 30, 1997, and those contributions shall then be treated as employer contributions in determining tax treatment under the provisions of the Internal Revenue Code and the Income Tax Act of 1929, § 26-51-101 et seq.
Id. at (g)(1)(A).
See also A.C.A. § 24-7-401(e)(2) (Supp. 2009) ("Local school districts shall pay the teacher retirement employment contribution for any eligible employee in *Page 4 
accordance with rules established by the board."); A.C.A. § 24-7-103 (Supp. 2009) (same).
School districts are therefore clearly obliged to make contributions on behalf of all ATRS members, with membership commencing upon employment. This contribution requirement plainly extends to those employees who work fewer than 30 days within a fiscal year. Following the enactment of Act 97 of 2007, such employees are members of the system, although they receive no credit or benefit for the service in that year. They will receive a refund of their employee contributions made during that period of service.
It is my conclusion based on this body of law that the ATRS Board has lawfully developed a policy of not refunding employer contributions made on behalf of employees who work fewer than 30 days within a fiscal year. Had the legislature intended to provide for the reimbursement of such employer contributions it could easily have done so, as it did under A.C.A. § 24-7-501(d)(2) with respect to contributions made by the employees. I am further struck by the fact that the legislature has elsewhere been explicit when it intended to subject employer contributions to refund. Pursuant to A.C.A. § 24-7-406 (Supp. 2009), employer contributions that are paid by an employee are subject to refund.Id. at (a)(2) ("Employer contributions that are paid by an employee instead of an employer shall be: (A) Credited to the members deposit account; and (B) Subject to refund under the same conditions that regular member contributions are refunded.") I believe it is also relevant to note that A.C.A. § 24-7-501(d)(2) does not stand alone in providing for the refunding of employee, but not employer, contributions. Section 24-7-711 provides for the refunding of employee contributions if a member discontinues covered employment: "[T]he member may elect to be paid a refund of his or her contributions and regular interest credited to the member's deposit account within six (6) months following the date the member's written application is filed with the system." A.C.A. § 24-7-711(a)(1) (Supp. 2007). No similar provision applies with respect to employer contributions in that instance.
In the absence of statutory authority to refund the employer contributions made on behalf of employees who work fewer than 30 days, I must conclude that the ATRS Board policy of not reimbursing employers for such contributions is lawful, and indeed required, under the Arkansas Code. Accordingly, the Board in my opinion lacks the authority to adopt a policy providing for reimbursement of such contributions. *Page 5 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] You report that the old rule stated:
 ATRS shall return to participating employers the employer matching remittance for members who remitted for less than thirty (30) days of service during the current fiscal year. Employee matching will be returned within three (3) months after the close of the fiscal year.
[2] Subsection 24-7-501(d) previously provided:
 (1) Membership in the system shall be a condition of employment in accordance with subsections (a)-(c) of this section and shall not be subject to election by individual employees.
 (2) Provided, however, individual employees who accumulate less than thirty (30) days of credited service within a fiscal year shall not be eligible for membership in the system.
A.C.A. § 24-7-501(d) (Supp. 2000).